UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS TABI,<br>Plaintiff,<br>v.<br>SCOTT BAKER, et al.,<br>Defendants. | Case No. 8:20-cv-00323-VBF-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

The Court has conducted the review required by 28 U.S.C. § 636 and accepts the findings, conclusions and recommendation of the Magistrate Judge reflected in the February 2, 2022 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation").

IT IS HEREBY ORDERED:

1. The Request for Judicial Notice by Santa Ana College Police Officers Scott Baker, Christopher Luzader, and Ray Stowell (collectively "the Officers"); Santa Ana College President Linda D. Rose; and Santa Ana College Trustees Nelida Mendoza (erroneously sued as "Nelida Martinez"), Claudia Alvarez, Arianna Barrios, John Hanna, Zeke Hernandez, Lawrence Labrado, and Phillip Yarborough (collectively "the Trustees") is granted. The Court takes judicial

///

notice of Exhibits C and E to the Declaration of Sean L. McKaveney (Docket No. 75-2 at 20-24, 41-64).

2. The Motion to Dismiss the First Amended Complaint ("Motion to Dismiss") filed by the Officers, Rose, and the Trustees (collectively, the "Defendants") is granted in part and denied in part as follows:

(a) the Motion to Dismiss is denied to the extent it seeks dismissal of the First Amendment claims against the Officers (Claims 1-2 as enumerated in the Report and Recommendation);

(b) the Motion to Dismiss is granted to the extent it seeks dismissal of the equal protection and intentional infliction of emotional distress claims against the Officers (Claims 3 and 4(b) as enumerated in the Report and Recommendation) and such claims are dismissed with leave to amend;

(c) the Motion to Dismiss is granted to the extent it seeks dismissal of the Title VI claim against the Officers (Claim 4(a) as enumerated in the Report and Recommendation) and such claim is dismissed without leave to amend; and

(d) the Motion to Dismiss is granted to the extent it seeks dismissal of the claims against Rose and the Trustees (Claims 5-7) and such claims are dismissed with leave to amend;

4. Within fourteen (14) days of this Order, Plaintiff shall do one of the following: (a) if he wishes to proceed with the claims against the Defendants that have been dismissed with leave to amend (Claims 3, 4(b), and 5-7, as enumerated in the Report and Recommendation) and is able to cure the pleading defects therein that are identified in the Report and Recommendation, he shall file a Second Amended Complaint;[1] (b) if he no longer wishes to proceed with this

---

[1]Any Second Amended Complaint must: (a) be labeled "Second Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the Original or First Amended Complaints *i.e.*, it must include all claims on which Plaintiff seeks to proceed (Local Rule (continued...)

action he shall file a Notice of Dismissal which will result in voluntary dismissal of this action without prejudice; or (c) if he wishes to proceed solely with the remaining claims (Claims 1-2 against the Officers), he shall file a Notice of Intent to Proceed Solely on Remaining Claims in First Amended Complaint, indicating that Plaintiff intends to proceed solely on his First Amendment Claims against the Officers (Claims 1-2).

5. **Plaintiff is cautioned that his failure timely to file a Second Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Proceed Solely on Remaining Claims in First Amended Complaint, may result in the dismissal of this action with or without prejudice for failure diligently to prosecute and/or for failure to comply with this Order.**

6. If Plaintiff files a Notice of Intent to Proceed Solely on Remaining Claims in First Amended Complaint, the Officers shall to file an Answer within fourteen (14) days of the date they are served with the same.

IT IS SO ORDERED.

DATED: August 8, 2022

/s/ Valerie Baker Fairbank

HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

[1](...continued)
15-2); (c) contain a "short and plain" statement of each claim for relief "showing that [Plaintiff] is entitled to relief" (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" and contain factual allegations in clear short, concise, numbered paragraphs, each "limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 8(d)(1), 10(b)); (e) set forth clearly the sequence of events giving rise to the claims for relief and sequentially number his claims; (f) reflect which claims are brought against which defendant(s) in which capacity and allege specifically what each defendant did and how that individual's conduct specifically violated Plaintiff's civil rights; (g) not add defendants or claims that are not related to the claims asserted in the First Amended Complaint and not reassert the claim that has been dismissed without leave to amend; and (h) name all parties in the caption/title (Fed. R. Civ. P. 10(a)).